JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michael Anthony, individually and on behalf of all others similarly situated

## DEFENDANTS
National Republican Congressional Committee

**(b)** County of Residence of First Listed Plaintiff: Philadelphia County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Washington, D.C.
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Zachary Silverstein - Lundy, Beldecos & Milby, P.C.
450 N. Narbeth Avenue, Suite 200
Lower Merion, PA 19072

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **LABOR** / **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| | | | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. 227, et seq.

Brief description of cause:
Violations of the Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE                                                                 DOCKET NUMBER

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 08/23/2022 | /s/ Zachary Silverstein |

**FOR OFFICE USE ONLY**

RECEIPT #           AMOUNT           APPLYING IFP           JUDGE           MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____  *Zachary A. Silverstein*  _____
                                  *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____  *Zachary A. Silverstein*  _____
                                  *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL ANTHONY**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br>v.<br>**NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE**, a District of Columbia non-profit organization**,**<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Michael Anthony ("Plaintiff" or "Anthony") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant National Republican Congressional Committee ("NRCC") to stop its practice of placing text message calls using an ATDS to cellular telephones of consumers nationwide without their prior express consent, and to obtain redress for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**PARTIES**

1. Plaintiff Anthony is a natural person and resident of Philadelphia, Pennsylvania.

2. Defendant National Republican Congressional Committee is a non-profit organization with its principal place of business located in Washington, D.C. Defendant conducts business throughout this District, the Commonwealth of Pennsylvania, and the United States.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. The Court also has

1

jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* ("CAFA") because there are over 100 class members, there is minimal diversity, and there is over $5,000,000 at issue when the claims of the Classes are aggregated. And none of the exceptions to CAFA applies.

4. This Court has personal jurisdiction over Defendant because Defendant conducts a significant amount of business in this District, made and continue to make unsolicited text message calls directed to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conduct a significant amount of business within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

**COMMON FACTUAL ALLEGATIONS**

6. NRCC is a national organization devoted solely to strengthening the Republican majority and electing Republicans to the United States House of Representatives. NRCC provides support and assistance to Republican candidates in several areas regarding planning, running, and strategizing for a campaign.

7. Unfortunately for consumers, NRCC casts it marketing net too wide. That is, in an attempt to generate campaign donations, Defendant conducted (and continues to conduct) a wide scale telemarketing campaign that features unsolicited text message calls to consumers' cellular telephones—all without any prior express consent to make the texts at issue.

8. In making the autodialed text message calls at issue in this Complaint, Defendant and/or its agents utilized an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendant and/or its agents has the capacity to store, produce,

and dial random or sequential numbers *en masse*, in an automated fashion.

9. At all times material to this Complaint Defendant was and is fully aware that unsolicited text messages calls are being made to consumers' cellular telephones through its own efforts and that of its agents.

10. Defendant knowingly made (and continues to make) unsolicited text message calls without the prior express consent of the recipients. In doing so, Defendant not only invaded the personal privacy of Plaintiff and members of the alleged Classes, but also intentionally and repeated violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF

11. Plaintiff Anthony is the owner and customary user of the cellular telephone number ending in x555.

12. Beginning in 2019, Plaintiff began receiving a barrage of text messages from NRCC. The text messages arrived at all hours of the day and night, including at least six text messages arriving after 9:00 p.m. and some arriving after midnight. Plaintiff received most, if not all, of the text messages while he was located in his residence, which disturbed Plaintiff's private affairs.

13. NRCC's text message campaign was aggressive and disruptive to Plaintiff.

14. Almost all of the text messages were sent from the short code 21818 and were designed to promote Republican candidates and to solicit political donations.

15. In total, Plaintiff received at least sixty-two (62) unsolicited text messages from NRCC. A sample of the messages received is reproduced on the following page:

3



16.     The impersonal and generic nature of the messages as well as the frequency of the messages and the lack of consent are all indicative of the use of an ATDS.

17.     On information and belief, the equipment used to place the calls at issue has the capacity to use a random or sequential number generator in the process of storing numbers from a pre-produced list for texting at a later date.

18.     On further information and belief, the equipment at issue also has the capacity to

produce telephone numbers using a random or sequential number generator.

19. Plaintiff never consented to receive autodialed text message calls from Defendant or any of its affiliates or agents.

20. Plaintiff has never requested that Defendant send text messages to him or solicit donations from him. Simply put, Plaintiff has never provided prior express consent to Defendant to place text message calls to him.

21. Plaintiff made exhaustive and numerous attempts to get the unsolicited texting to stop. After receiving the initial texts, Plaintiff attempted to identify the party responsible for sending them to request that the text messaging stop.

22. On or around May 28, 2020, Plaintiff attempted to contact Defendant through Facebook Messenger regarding the harassing text messages. However, Plaintiff was never able to speak with a live representative.

23. Thereafter, Plaintiff contacted the office of U.S. Representative Tom Emmer, who chairs the NRCC, by calling and leaving messages with staff in his local and D.C. offices. Plaintiff was told that his messages would be passed along to Rep. Emmer. Notwithstanding the repeated promises, the unwanted texting continued. Plaintiff placed additional calls to Rep. Emmer's office, speaking to senior staff members, insisting that Rep. Emmer provide assistance to stop the transmission of text messages. Plaintiff was again told that his messages would be passed along to Rep. Emmer and his chief of staff, Chris Maneval, but the calls were not returned.

24. On August 14, 2021, Plaintiff contacted iconectiv, which is the telephone server provide associated with the shortcode. Plaintiff requested that iconectiv investigate and suspend

the short code for the ongoing abuse. Despite this effort, iconectiv refused to disclose who it leased the short code to and refused to take action to get the abuse to stop.

25.     On August 17, 2021, Plaintiff attempted to contact by WinRed Technical Services, LLC (winred.com) via their counsel to request that the transmission of text messages stop. WinRed's counsel did not respond.

26.     Plaintiff also attempted to contact Defendant directly at 212-479-7000. However, the calls went unanswered, and the voicemail was full.

27.     Plaintiff eventually communicated with Annamarie Rienzi who stated the number was removed from the NRCC's calling list. Ms. Rienzi, however, could not explain where Plaintiff's number was obtained. Instead, she stated that it was "above [her] paygrade."

28.     Put simply, Plaintiff never provided his mobile telephone number to the NRCC or to any political organization for that matter.

29.     By making the unauthorized text message calls as alleged herein, Defendant has caused Plaintiff and the class members actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement of such texts, in addition to the wear and tear on their telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such texts, and the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the texts knowing they trespassed against and interfered with Plaintiff and the other class members' use and enjoyment of, and the ability to access, their cellphones, including the related data, software, and hardware components.

30.     To redress these injuries, Plaintiff, on behalf of himself and the Classes of similarly situated individuals, brings suit under the TCPA, which prohibits unsolicited text

message calls to cellular telephones of consumers who have not consented to receive them. On behalf of the Classes, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized autodialed text-messaging activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ALLEGATIONS

31. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and the Classes defined below:

> **Autodialed Text Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the class members; (2) Defendant (or a third person acting on behalf of Defendant) placed at least one text message call; (3) to the person's cellular telephone number; (4) for the purpose of promoting Defendant's political agendas or to solicit political donations; (5) using the same dialing equipment that was used to place the text message call to Plaintiff; and (6) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to place text message calls to the Plaintiff, or for whom it did not obtain prior express written consent.
>
> **Autodialed Stop Text Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the class members; (2) Defendant (or a third person acting on behalf of Defendant) placed at least one text message call; (3) to the person's cellular telephone number; (4) for the purpose of promoting Defendant's political agendas or to solicit political donations; (5) using the same dialing equipment that was used to place the text message call to Plaintiff; (6) after the person requested that the text message calls stop.
>
> **Intrusion Upon Seclusion Class:** All persons in the State of Pennsylvania who (1) from the date one year prior to the filing of this Complaint through the date notice is sent to the class members; (2) Defendant (or a third person acting on behalf of Defendant) placed text message calls; (3) to the person's cellular telephone number; (4) for the purpose of promoting Defendant's political agendas or to solicit political donations; (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to place text message calls to the Plaintiff, or for whom it did not obtain prior express written consent; and (6) either the text message calls were placed after 9:00 p.m. or the recipient received more than fifty (50) text messages from Defendant.

32. The following individuals are excluded from the Classes: (1) any Judge or

Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's counsel and Defendant's counsel; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

33. **Numerosity**: The exact size of the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent autodialed text messages to thousands of consumers who fall into the definition of the Classes. Class members can be easily identified through Defendant's records.

34. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the class members sustained damages arising out of Defendant's uniform wrongful conduct.

35. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any

questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct constitutes a violation of the TCPA;

    (b)    Whether Defendant's conduct constitutes an intrusion upon the seclusion of Plaintiff's and the class members' personal privacy rights;

    (c)    Whether Defendant utilized an automatic telephone dialing system to place the text message calls to Plaintiff and members of the Autodialed Text Class;

    (d)    Whether Defendant obtained prior express consent to contact any class members;

    (e)    Whether Plaintiff and the class members are entitled to actual damages;

    (f)    Whether Plaintiff and the class members are entitled to statutory damages; and

    (g)    Whether Plaintiff and the class members are entitled to treble damages based on the willfulness of Defendant's conduct.

37. **Superiority & Manageability**: This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual class members to obtain effective relief from Defendant's misconduct. Even if class members could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far

fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

38. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Classes so as to render final injunctive relief and corresponding declaratory relief appropriate so as to warrant certification under Rule 23(b)(2).

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227, *et seq.*
### (On Behalf of Plaintiff and the Autodialed Text Class)

39. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

40. Defendant (or a third person acting on behalf of Defendant) made unsolicited and unwanted autodialed text message calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed Text Class, without their prior express consent in an effort to solicit consumers to contribute to Republican political causes and campaigns.

41. Further, Defendant placed the text message calls using equipment that, on information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

42. Further, these text messages were made *en masse* and without the prior express consent of the Plaintiff and the other members of the Autodialed Text Class to receive such wireless spam.

43. By sending the unsolicited text message calls to Plaintiff and members of the

Autodialed Text Class's cellular telephones without prior express consent, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

44. As a result of such conduct, Plaintiff and the other members of the Autodialed Text Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

45. In the event that the Court determines that Defendant' conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed Text Class.

### SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227, *et seq.*
### (On Behalf of Plaintiff and the Autodialed Stop Text Class)

46. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

47. Defendant (or a third person acting on behalf of Defendant) made unsolicited and unwanted autodialed text message calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed Stop Text Class after being told to stop calling.

48. These text messages were made *en masse*.

49. Defendant has, therefore, violated 47 U.S.C. § 227(b). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed Stop Text Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

### THIRD CAUSE OF ACTION
### Intrusion Upon Seclusion
### (On Behalf of Plaintiff and the Intrusion Upon Seclusion Class)

50. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

51. By placing repeated unsolicited, harassing text messages to Plaintiffs and the Intrusion Upon Seclusion Class, including text message calls at inconvenient times, Defendant invaded the seclusion of Plaintiff's and the class members' personal privacy.

52. Defendant's conduct was highly offensive to a reasonable person.

53. Defendant's intrusion was intentional or committed with reckless disregard to Plaintiff's and the class members' rights.

54. Defendant's intrusion would cause mental suffering, shame, or humiliation to any person with ordinary sensibilities. Indeed, Plaintiff did in take serious offense to Defendant's repeated and incessant intrusions upon his privacy.

55. As a result of Defendant's brazen conduct, Plaintiff and the class members have suffered and continue to suffer damages as a direct and proximate result of Defendant's unlawful conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Michael Anthony, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff Anthony as the representative of the Classes, and appointing his counsel as Class Counsel;

B. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C. An award of actual damages for Defendant's intrusion upon Plaintiff's and the class members' right to seclusion and privacy;

D. An order declaring that Defendant's actions, as set out above, violate TCPA;

  E. A declaratory judgment that Defendant's telephone dialing equipment constitutes an automatic telephone dialing system under the TCPA;

  F. An injunction requiring Defendant to cease all unsolicited autodialed text messaging activities, and otherwise protecting the interests of the Classes;

  G. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

  H. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

           Respectfully Submitted,

           **MICHAEL ANTHONY,** individually and on behalf of class of similarly situated individuals

Dated: August 24, 2022    By: /s/ Zachary A. Silverstein
           Zachary A. Silverstein
           zsilverstein@lbmlaw.com
           Lundy, Beldecos & Milby, P.C.
           450 N. Narbeth Avenue, Suite 200
           Narberth, PA 19072
           Telephone: 610-668-07700

           Patrick H. Peluso*
           ppeluso@woodrowpeluso.com
           Woodrow & Peluso, LLC
           3900 East Mexico Ave., Suite 300
           Denver, Colorado 80210
           Telephone: (720) 213-0675
           Facsimile: (303) 927-0809

           Attorneys for Plaintiff and the Class

           *\* Pro Hac Vice admission to be sought*