IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ANTHONY, Individually and On Behalf of Others Similarly Situated, *Plaintiff*, | : : : : | |
| v. | : : | CIVIL ACTION NO. 22-3382 |
| NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE, A District of Columbia Non-Profit Organization, *Defendant*. | : : : : : : | |

MEMORANDUM

**Scott, J.**                                                           **March 23, 2026**

The National Republican Congressional Committee ("NRCC") filed a motion to dismiss Michael Anthony's complaint for failure to state a claim for a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and failure to state an intrusion upon seclusion claim. Mr. Anthony appealed. The Third Circuit affirmed this Court's dismissal of the TCPA claim, but vacated dismissal of the intrusion upon seclusion claim for failure to establish diversity jurisdiction under the Class Action Fairness Act. The Third Circuit remanded so this Court may now rule on the NRCC's Rule 12(b)(6) motion regarding the intrusion upon seclusion claim. The Court will dismiss the intrusion upon seclusion claim without prejudice, giving Mr. Anthony leave to amend.

I.   BACKGROUND

Beginning in 2019, Mr. Anthony received at least sixty-two unsolicited text messages from the NRCC. Compl. (ECF No. 1) ¶ 12. The messages requested political donations and promoted Republican political candidates. *Id.* ¶¶ 14–15. The text messages were sent at all hours, including some after 9:00 p.m. and midnight. *Id.* ¶ 12. Mr. Anthony provides two sample screenshots of texts he received from the NRCC. *Id.* ¶ 15. Mr. Anthony claims that he did not provide his phone

number to the NRCC, or to any political organization for that matter. *Id.* ¶¶ 20, 28. He made numerous efforts to identify the parties responsible for sending the texts and to request that they stop sending the texts. *Id.* ¶¶ 21–27. However, no one he contacted was willing or able to stop the texts. *Id.* In Mr. Anthony's remaining claim, he avers that the NRCC's "repeated unsolicited, harassing text messages" intruded upon his seclusion.

## II.    DISCUSSION

### A.  Leave to Amend Jurisdictional Defect.

Mr. Anthony's allegations of diversity are deficient because the complaint states that he is a resident of Pennsylvania. ECF No. 1 ¶ 1. Yet, "mere residency in a state is insufficient for purposes of diversity." *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972). Therefore, Mr. Anthony has leave to amend his allegations of jurisdiction. *See* 28 U.S.C. § 1653.

### B.  Leave to Amend Claim Defect.

Mr. Anthony's Complaint lacks sufficient detail for this Court to determine whether he has stated a plausible intrusion upon seclusion claim. The intrusion upon seclusion claim is not dependent on the TCPA, and so it must be assessed in its own right.[1] An intrusion upon seclusion claim provides that "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person."

---

[1] A plaintiff's seclusion is intruded upon by "telephone calls only when such calls are repeated with such persistence and frequency as to amount to hounding." *Susinno v. Work Out World Inc.*, 862 F.3d 346, 351 (3d Cir. 2017) (cleaned up). But typically, "two or three calls would not be highly offensive to the ordinary reasonable person." *Id.* at 351-52. Congress enacted the TCPA to elevate unsolicited telemarketing phone calls or text messages as actionable harm because it was previously inadequate under tort law. *Id.* at 352. However, a TCPA claim and intrusion upon seclusion claim are both distinct; a violation of the TCPA may or may not also amount to an intrusion upon seclusion, and vice versa. Just because Mr. Anthony's TCPA claim was dismissed for failure to allege use of an automatic telephone dialing system, that does not mean his intrusion upon seclusion claim cannot survive. They do not necessarily rise and fall together.

Restatement (Second) of Torts § 652B (1977); *Vogel v. W. T. Grant Co.*, 458 Pa. 124, 129-30 (1974). This Court finds the Complaint's factual details lacking, specifically, whether the NRCC's text messages to Mr. Anthony were, plausibly, highly offensive to a reasonable person.

The Complaint does not allege a timeframe in which he received the sixty-two text messages. For instance, did Mr. Anothny receive thirty or so text messages over the span of months, weeks, or just a couple days? Did the messages come once every two weeks and occasionally double up on one day, or were they concentrated over a shorter period of time? The Court can glean from the Complaint that the NRCC's text messages began in 2019, and Mr. Anthony received at least two messages on August 19, 2019. Compl. ¶¶ 12, 15. Moreover, Mr. Anthony contacted the telephone server associated with the 21818 short code in August 2021 to suspend the short code for "ongoing abuse," indicating that NRCC was still sending him text messages. *Id.* ¶ 24. But exactly how many text messages and in what timeframe remains unclear.

Moreover, the Complaint does not mention whether there was an opt-out procedure embedded within some of the text messages, or whether it was possible to simply block text messages sent from the 21818 short code. *See* Compl. Without facts such as these, the Court strains to amass enough facts in the Complaint to say that it is plausible the NRCC's conduct was highly offensive to a reasonable person. Mr. Anthony is given a chance to amend his intrusion upon seclusion claim.