**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL ANTHONY,** | : | |
| ***Plaintiff,*** | : | |
| | : | |
| **v.** | : | **CIVIL NO. 22-3382** |
| | : | |
| | : | |
| **NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE,** | | |
| ***Defendant.*** | : | |
| | : | |

**MEMORANDUM**

**Scott, J.** **October 8, 2026**

Pending before the Court is Defendant National Republican Congressional Committee's Rule 12(b)(6) Motion to Dismiss Plaintiff Michael Anthony's sole remaining claim in his Amended Complaint, a claim for intrusion upon seclusion. For the reasons discussed herein, the Court grants the Motion and dismisses the claim with prejudice.

## I. Background

Plaintiff alleges that he received at least 58 unsolicited text messages from Defendant over a 16-day period. The messages were sent at various times, including late at night. Plaintiff contends that the manner and amount of text messages constitute an intrusion upon seclusion ("IUS"). Plaintiff previously claimed that Defendant violated the Telephone Consumer Protection Act ("TCPA"), which was dismissed by this Court. That dismissal was affirmed by the U.S. Court of Appeals for the Third Circuit. Plaintiff also previously pled an intrusion upon seclusion claim which this Court dismissed without prejudice, granting Plaintiff leave to amend. Plaintiff proceeded to amend his complaint and Defendant filed the instant Motion to Dismiss in response.

## II. Legal Standard

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausibility means 'more than a sheer possibility that a defendant has acted unlawfully.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)).

## III. Discussion

Defendant moved to dismiss Plaintiff's Amended Complaint on three separate grounds: because (1) the text messages in question were not "highly offensive to a reasonable person"; (2) Plaintiff failing to state his TCPA claims necessitates the dismissal of his remaining IUS claim because the TCPA claim is easier to plead; and (3) Plaintiff's IUS claim would violate the First Amendment by regulating protected core political speech. *See* ECF No. 53-1. Plaintiff counters each of Defendant's contentions accordingly. *See* ECF No. 54.

The Court agrees with Defendant that Plaintiff's IUS claim is insufficiently pled. An intrusion upon seclusion claim provides that "[o]ne who intentionally intrudes, physically or

otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Restatement (Second) of Torts § 652B (Am. Law Inst. 1977); *Vogel v. W. T. Grant Co.*, 458 Pa. 124, 129-30, 327 A.2d 133 (1974). Plaintiff pleads *that* the text messages were highly offensive, but the Court finds Plaintiff's Amended Complaint lacking in necessary detail regarding precisely *how* the text messages were highly offensive. In other words, Plaintiff's conclusory allegations do not suffice. The Court previously dismissed this Count due to insufficient detail and does so again today. *See* Anthony v. Nat'l Republican Cong. Comm., No. 22-3382, 2026 U.S. Dist. LEXIS 62212, at *3 (E.D. Pa. Mar. 23, 2026).

Although in the Amended Complaint Plaintiff includes a timeframe during which he received the text messages, the Court remains unconvinced that receipt of such messages amounts to the "substantial" and "highly offensive" intrusion necessary to attach liability. *Borse v. Piece Goods Shop, Inc.*, 963 F.2d 611, 622 (3d Cir. 1992); Restatement (Second) of Torts § 652B cmt. d ("It is only when the telephone calls are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, **that becomes a substantial burden to his existence**, that his privacy is invaded.") (emphasis added). Plaintiff's allegations do not plausibly amount to a "substantial burden to his existence [such] that his privacy is invaded" because Plaintiff could have opted out of receiving the text messages at any point by replying 'STOP' to the short code. Restatement (Second) of Torts § 652B cmt. D.

Similarly, Plaintiff's argument that he did not opt out due to FCC guidance not to respond to "suspicious texts, even if the message requests that you 'text STOP' to end messages" is unavailing based on his own allegations. ECF No. 54 at 5. Plaintiff alleges that he "made exhaustive and numerous attempts to get the unsolicited texting to stop" by "promptly attempt[ing]

to identify the party responsible for sending them to request that the text messaging stop." Am. Compl. ¶ 23. Thus, instead of replying 'STOP' due to his concern that the text messages were suspicious, Plaintiff proceeded to contact several parties behind the transmission of the messages. But the entire time, Plaintiff also had the option to delete the text messages, use the appropriate text blocking tools, and forward the unwanted texts to SPAM, all of which is advised by the exact same FCC guidance on which Plaintiff relies and has attached to his Amended Complaint. *See* Am. Compl. Ex. A. The Amended Complaint fails to mention whether Plaintiff took such steps or, if not, why he chose not to do so.

The Court's conclusion is not that Plaintiff was required to "ask the intruder to stop and only *then* is the violation triggered if the intruder does it again." ECF No. 54 at 8 (emphasis in original). Instead, the Court's conclusion is that because Plaintiff had various means that a reasonable person would have used, but nothing indicates that he did in fact use them, he necessarily cannot state a claim for intrusion upon seclusion. Nothing in Plaintiff's Amended Complaint rises to the level necessary for Plaintiff to proceed here. As Defendant argues and with which the Court agrees, "Anthony himself did not find these text messages 'offensive' enough to block or opt out of them—as any 'reasonable' person would do. Thus, it is implausible these text messages were 'highly offensive to a reasonable person.'" ECF No. 53-1 at 10.

Accordingly, Plaintiff's IUS claim is dismissed with prejudice. It is so ordered.